# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL S. CINCOLA,** :

    **Plaintiff**     CIVIL ACTION NO. 3:16-0413

v.                         **JUDGE MANNION**

**NANCY A. BERRYHILL**[1]

    **Defendant** :

## ORDER

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the Commissioner's decision be vacated and that the instant action be remanded to the Commissioner to conduct a new administrative hearing. (Doc. 27). By letter dated January 24, 2018, the Commissioner has waived the opportunity to object to Judge Mehalchick's report. (Doc. 28). No objections have been filed by the plaintiff. Upon review, the report will be adopted in its entirety.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also <u>Univac Dental Co. v. Dentsply Intern., Inc.</u>, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing <u>Henderson v.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this suit.

Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

In his appeal, the plaintiff argues that the ALJ minimized objective medical evidence that supported his complaints of chronic and intractable pain, rendering a decision that was not based upon substantial evidence. Moreover, the plaintiff argues that the ALJ erred by posing a defective hypothetical to the vocational expert that did not fully consider the extent of his back impairment. Finally, the plaintiff argues that the case should be remanded for consideration of new and material evidence with respect to his chronic hip condition.

In carefully considering the plaintiff's claims, Judge Mehalchick found that the ALJ erred in failing to address the worsening of the plaintiff's condition between 2007 and 2013 MRIs. As such, Judge Mehalchick determined that it could not be found that this evidence was afforded any meaningful review by the ALJ or that the resulting residual functional capacity assessment was based on substantial evidence. By failing to account for, or conversely discredit, the 2013 MRI findings that supported a worsening of the plaintiff's condition, Judge Mehalchick determined that the ALJ did not

2

properly consider how the results might have corroborated his complaints of back pain undercutting the plaintiff's allegations of pain in the residual functional capacity analysis. Finally, Judge Mehalchick noted that, in making the residual functional capacity determination, the ALJ gave little weight to Dr. Vegari's opinions, but afforded great weight to state agency assessments which pre-dated Dr. Vegari's 2013 MRI. Judge Mehalchick found that the ALJ erred in his residual functional capacity analysis by minimizing the significance of the 2013 MRI and relying on medical opinions that pre-dated the objective worsening of the plaintiff's back condition. Ultimately, Judge Mehalchick found that the ALJ's residual functional capacity determination was not supported by substantial evidence. Accordingly, Judge Mehalchick recommends that the decision of the ALJ be vacated and the matter be remanded for a new administrative hearing.

The court has reviewed the entire report of Judge Mehalchick and finds no clear error of record. The court further agrees with the sound reasoning which led Judge Mehalchick to her recommendation. As such, the court adopts the reasoning of Judge Mehalchick as the opinion of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) The report and recommendation of Judge Mehalchick, (Doc. 27), is **ADOPTED IN ITS ENTIRETY**.

(2) The decision of the Commissioner is **VACATED**.

(3) The instant action is **REMANDED** to the Commissioner for a new administrative hearing.

(4) The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 26, 2018**

O:\Mannion\shared\ORDERS - DJ\CIVIL ORDERS\2016 ORDERS\16-0413-01.wpd